MARTIN AUGUST FELLHAUER, a Minor, by JOHN D. O'BRIEN, His Guardian, and GUSTAV KABETSCH, v. EDWARD H. NORRIS and ANNIE SOPHIE NORRIS, Appellants.—58 S. W. (2d) 287.

Division Two, March 3, 1933.

*Wurdeman, Stevens & Hoester* for appellants.

*A. G. Schumacher* and *Geo. W.* and *Clarence L. Wolff* for respondents.

324

FITZSIMMONS, C.—This case comes to the writer by reassignment. It is an action in ejectment involving eight acres of land situated in the northwestern part of St. Louis County, Missouri. The case was tried before the court without a jury. From a judgment in favor of plaintiffs, defendant Norris appealed to this court.

The petition was in conventional form. The common source of title was Martin Fellhauer and Justine Fellhauer, his wife. The pleadings and the evidence disclose that Fellhauer originally held title to the land here in controversy and adjoining land and that by mesne conveyances, made through Henri Chomeau in April, 1890, the Fellhauers conveyed the land so owned by the husband to the wife, Justine. Mrs. Fellhauer sued her husband for divorce in the Circuit Court of St. Louis County on January 27, 1891, and Martin Fellhauer, the husband, on April 10, 1891, filed a suit in equity against his wife, Justine Fellhauer, and against Henri Chomeau to set aside the deeds conveying the land to Mrs. Fellhauer and to vest the title in Fellhauer.

While the action for divorce and the equity suit were pending, Martin Fellhauer and Justine Fellhauer entered into a written stipulation which was filed in both cases and which made final disposition of them. The stipulation provided for the dismissal by the plaintiff Mrs. Fellhauer of the divorce suit, and for a decree in the equity suit settling the title to the land. The court, in the equity case, entered a decree on June 23, 1891, predicated upon the stipulation, the pleadings and the proofs adduced. With reference to the deeds whereby the title to the land was passed from Fellhauer to the wife, Justine, the court by its decree found that these deeds did not clearly express the true intent of the parties; that they were improvidently made and "that the true intention and purpose of said plaintiff and Justine Fellhauer was to settle said real estate for the use of the plaintiff and the said Justine Fellhauer and their family so that the plaintiff and the defendant Justine Fellhauer should have the use and enjoyment thereon during their joint lives and that the survivor of them should hold the same during the life of such survivor and that after the death of both of them their son August Fellhauer and Gustav Kabetsch, son of the said Justine Fellhauer, should hold the same in fee simple, the said August three-fourths and the said Gustav one-fourth thereof," Martin Fellhauer and his wife Justine Fellhauer "reserving to themselves during their joint lives the right of disposition of said real estate." Accordingly the decree vested all the right, title and interest of Martin Fellhauer and Justine, his wife, in the real estate "in accordance with the true intention of the

parties as hereinbefore ascertained by the court as follows: Unto the said Martin Fellhauer and Justine Fellhauer, his wife, jointly, for and during their joint lives, and after the death of either of them, to the survivor of them, during the life of such survivor, and after the death of both of them, to their son, August Fellhauer, the undivided three-fourths thereof and to Gustav Kabetsch the undivided one-fourth thereof in fee simple;'' provided that ''the said Martin and Justine Fellhauer shall during their joint lives have the right to sell and dispose of said real estate in fee simple and to mortgage the same in fee simple by their joint deed, mortgage, or deed of trust.'' A certified copy of this decree was duly recorded in the office of the Recorder of Deeds of St. Louis County. .

By admissions of record and undisputed evidence it was established that Martin Fellhauer died on or about June 8, 1905; that Justine Fellhauer for a consideration of $500 conveyed the land in dispute in the ejectment suit, and being part of the tract affected by the mesne conveyances and by the decree in equity, to Edward H. Norris and Annie Sophie Norris, his wife, by a warranty deed dated November 8, 1923, and duly recorded in St. Louis County; that August Fellhauer, the son of Martin and Justine, died on or about June 29, 1927, leaving surviving him as his only heir at law Martin August Fellhauer, one of the plaintiffs herein, and that Justine Fellhauer died on or about the 22nd day of September, 1927. It was admitted that Norris and wife were in possession of the land and that Mrs. Norris, who was joined as a defendant with her husband, died before her husband filed answer.

The question for decision is whether Mrs. Justine Fellhauer, by her warranty deed, executed November 8, 1923, conveyed to Norris and wife a fee-simple title to the eight-acre tract. Appellant contends that the power given to Justine Fellhauer by the decree of June 23, 1891, was a power coupled with an interest, and could be exercised by her at any time after the death of her husband, Martin Fellhauer, whereby she could convey a fee-simple title to the real estate in controversy. Respondents, on the other hand, maintain that their judgment in ejectment should be affirmed for the stated reason that ''the rule followed by our courts adheres to the doctrine that a life estate is not enlarged to a fee by a power to sell, and such power will be strictly construed and confined to its exact intendment, and any attempted exercise thereof beyond its just scope will not affect the rights of the remaindermen.''

It is our opinion that the cases and the principles upon which appellant relies do not govern or dispose of the issues here involved. These cases relate to trusteeships created by will or by deed and for the most part raise the question whether a power of sale, given to two or more trustees, remains in the event one of the trustees should die or refuse to act. In one of these cases, cited by appellant, Wal-

lace v. Foxwell, 250 Ill. 616, 95 N. E. 985, 50 L. R. A. (N. S.) 632, the Supreme Court of Illinois invoked the "oft-repeated cardinal rule that it is the intention of the testator that must govern in the construction of a will." Guided by this rule, the court decided that the powers of sale conferred by the will in suit were powers attaching to the office of trustees rather than powers conferred in personal confidence in the donees, and therefore, one of the original trustees having refused to act, the remaining original trustee and a successor trustee could exercise the powers of sale.

■ ■ As in the construction of a will or deed, so in the instant case the court should look to the intention of Martin Fellhauer and his wife, Justine, as expressed in their stipulation upon which the decree in the equity case was founded. We have seen that by the decree of June 23, 1891, the court, guided by the stipulation, found that the true intention and purpose of Fellhauer and his wife in the execution of the mesne conveyances which provoked the equity suit, "was to settle said real estate for the use of the plaintiff and the said Justine Fellhauer and their family, so that the plaintiff and the defendant, Justine Fellhauer, should have the use and enjoyment thereof during their joint lives, and that the survivor of them should hold the same during the life of such survivor, and that after the death of both of them their son August Fellhauer and Gustav Kabetsch, son of the said Justine Fellhauer, should hold the same in fee simple, the said August three-fourths and the said Gustav one-fourth thereof," and that the Fellhauers reserved to themselves during their joint lives the right of disposition of said real estate. The decree accordingly vested the title, as we have seen, with several provisos, the last one of which governing the disposition of this case, we may, with propriety repeat: "and provided, further, that the said Martin and Justine Fellhauer shall during their joint lives have the right to sell and dispose of said real estate in fee simple and to mortgage the same in fee simple by their joint deed, mortgage or deed of trust."

Much litigation has arisen over wills and other instruments in which the questions of life estates or of powers of sale were at most matters of implication. In the instant case the scope and the limits of the power of sale or other disposition of the land involved were by the decree and the stipulation expressly restricted to the joint deed, mortgage or deed of trust of Mr. and Mrs. Fellhauer executed during their joint lives. The survivor of them was given only the power to *hold* the land during his or her life after the death of the other joint tenant. From this obvious construction of the decree and of the stipulation upon which it was based it follows that Mrs. Justine Fellhauer, by her warranty deed executed November 8, 1923, after the death of her husband, did not convey to appellant Norris and wife a fee simple title to the land involved in this action.

For those reasons the judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. *Ellison, P. J.,* and *Tipton, J.,* concur; *Leedy, J.,* not sitting.